IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANETTA L. TALKINGTON, Individually, and as power of attorney for her mother, DOROTHY L. CANARY, MICHAEL D. TALKINGTON, and EDDY R. CANARY, <br><br>Plaintiffs, <br><br>v. <br><br>NEW YORK LIFE INSURANCE & ANNUITY CORPORATION, a foreign corporation, and THE ESTATE OF ROSE BEATTIE, Deceased, <br><br>Defendants. | Case No. CIV-16-1255-R |

# ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 9). For the reasons that follow, the Motion is DENIED.

## Discussion

Plaintiffs, owners of life insurance policies issued by Defendant New York Life Insurance & Annuity Corporation ("New York Life"), have brought suit against New York Life and the Estate of Rose Beattie, a now-deceased life insurance agent for New York Life who allegedly made false representations to Plaintiffs regarding their ability to borrow from the cash value of their policies. Plaintiffs, who argue that their policies are now in danger of lapsing, filed suit against New York Life and the Beattie Estate in McClain

1

County, Oklahoma on August 5, 2016. (Doc. 1, Ex. 1). Defendants then filed a notice of removal (Doc. 1), arguing that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because the Beattie Estate has been fraudulently joined. Plaintiffs moved to remand.

Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Here, Plaintiffs are citizens of Oklahoma. One Defendant, New York Life, is a corporation organized under Delaware law with its principal place of business in New York. The other Defendant, the Beattie Estate, takes on the citizenship of that of the deceased, in this case Oklahoma.[1] With the Plaintiffs and the Beattie Estate all citizens of Oklahoma, it would appear that complete diversity is lacking. New York Life, however, insists in its Motion to Remand that Plaintiffs fraudulently joined the Beattie Estate, meaning that this Court should dismiss the Estate, making the remaining Plaintiffs and New York Life diverse and paving the way for this Court to exercise jurisdiction under 28 U.S.C. § 1332.

The doctrine of fraudulent joinder permits a federal court assessing subject-matter jurisdiction to disregard the citizenship of a non-diverse defendant against whom the plaintiff has not or cannot assert a colorable claim for relief. *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 (10th Cir. 1983). "To establish fraudulent joinder, the removing party

---

[1] "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . " 28 U.S.C. § 1332(c)(2).

2

must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014).

New York Life argues that Plaintiffs can establish no cause of action against the Beattie Estate because it did not exist at the time of filing. The Court agrees: an entity that lacks "a legal existence under Oklahoma law . . . lacks the capacity to be sued." *Barham v. Toney*, 2016 WL 3365410, at *1 (E.D. Okla. June 16, 2016).

Plaintiffs filed suit in state court on August 5, 2016. (Doc. 9, Ex. 3). At that time, the Beattie Estate did not exist; it was not until November 29, 2016, that Plaintiffs even filed a petition to appoint a personal representative for the Beattie Estate. (Doc. 9, Ex. 1). In other words, Plaintiffs had commenced no probate action and the state court had appointed no personal representative at the time of this suit's filing. The Estate had no legally cognizable existence and thus lacked the capacity to be sued under Oklahoma law.

Plaintiffs nonetheless insist that this court must remand because the state court will inevitably appoint a personal representative, thereby making the estate an entity—and citizen of Oklahoma—and divesting this court of diversity jurisdiction. That argument disregards the familiar time-of-filing rule, which says that a "the district court must determine the jurisdictional facts as they are when the complaint is filed, not as they might be upon final judgment." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). At the time that this suit was filed—August 5, 2016—the Beattie Estate lacked a legal existence. As a legal non-entity, the Beattie Estate could not face suit. As a result, there is complete

diversity between Plaintiffs and Defendant New York Life. Plaintiffs' Motion to Remand is thus DENIED.

IT IS SO ORDERED this 28th day of February 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE