IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANETTA L. TALKINGTON, Individually, and as power of attorney for her mother, DOROTHY L. CANARY, MICHAEL D. TALKINGTON, and EDDY R. CANARY, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-16-1255-R |
| NEW YORK LIFE INSURANCE & ANNUITY CORPORATION, a foreign corporation, and THE ESTATE OF ROSE BEATTIE, Deceased, | ) ) ) ) ) ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Plaintiffs' Motion for Voluntary Dismissal without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). [Doc. 15]. Defendant New York Life Insurance & Annuity Corporation opposes the Motion and alternatively asks the Court to impose appropriate conditions on any dismissal without prejudice. [Doc. 17]. For the reasons that follow, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART.

This case stems from Plaintiffs' purchase of life insurance policies from Defendant New York Life Insurance & Annuity Corporation (NYLIAC). Plaintiffs originally sued NYLIAC and the Estate of Rose Beattie in state court. Beattie is a now-deceased life insurance agent from NYLIAC who allegedly made false representations to Plaintiffs

1

regarding their ability to borrow from the cash value of their policies. NYLIAC removed, asserting diversity jurisdiction under 28 U.S.C. § 1332. Though Plaintiffs, citizens of Oklahoma, and NYLIAC, a citizen of Delaware and New York, were seemingly diverse, the presence of the Beattie Estate, a citizen of Oklahoma, spoiled complete diversity. [See Doc. 14, at 2]. In removing, NYLIAC argued that the Beattie Estate had been fraudulently joined because the Beattie State had no legal cognizable existence, as a personal representative had not yet been appointed in state court. This Court agreed, denied Plaintiff's Motion to Remand, and dismissed the Beattie Estate. [Doc. 14]. Plaintiffs now ask the Court to dismiss their suit without prejudice.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quotation omitted). So "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). And to be sure, "it is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court." *American Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

In weighing dismissal—that is, deciding whether the opposing party will suffer legal prejudice if the court grants the motion without prejudice—the Tenth Circuit directs courts

to consider: (1) "the opposing party's effort and expense in preparing for trial;" (2) "excessive delay and lack of diligence on the part of the movant;" (3) insufficient explanation of the need for a dismissal; and (4) "the present stage of litigation." *Phillips*, 77 F.3d at 358. Legal prejudice, though, "does not arise simply because a second action has been or may be filed against the defendant." *Batton v. Mashburn*, 2016 WL 1629392, at *1 (W.D. Okla. Apr. 22, 2016). After all, "that is often the whole point in dismissing a case without prejudice." *Id.*

A quick rundown of these factors suggests dismissal without prejudice is appropriate. Both the NYLIAC's effort and expense thus far in preparing for trial have been minimal. Of the small amount of litigating thus far, nearly all of it was devoted to the question of diversity jurisdiction. Further, the parties have not conducted written discovery or taken written depositions. NYLIAC did of course move for judgment on the pleadings [Doc. 16], but chose to do so a week after Plaintiffs moved to dismiss this case. As far as any delay on the part of Plaintiffs, the Court is sympathetic to the difficulties they have faced in having a state court appoint a personal representative to the Beattie Estate so that it can become a legal entity. Finally, Plaintiffs' reason for dismissal seems rational: they need the state court to appoint a personal representative so that the litigation can proceed against the Beattie Estate in state court. Given all this, dismissal without prejudice is appropriate.[1]

---

[1] The Court acknowledges NYLIAC's extensive briefing arguing that dismissal without prejudice is improper because Plaintiffs' claims are futile, i.e., will fail in state court anyway. That, though, is an issue better left for summary judgment.

That said, the Court finds as reasonable NYLIAC's request that the Court impose certain conditions on any dismissal without prejudice. NYLIAC asks that in the event of dismissal, Plaintiffs should have to pay the fees and costs incurred by NYLIAC in defending this action in federal court. Plaintiffs may of course have been unaware that the Beattie Estate did not yet legally exist when they filed this suit in state court on August 5, 2016. Yet they would have certainly been put on notice that the Beattie Estate was not a legal entity—and thus could not serve as a diversity-spoiling party—by November 1, 2016, when NYLIAC filed its notice of removal based on fraudulent joinder. Rather than moving to dismiss their claims then, Planitiffs moved to remand, resulting in an unnecessary round of briefing. Should Plaintiffs refile this suit in state court against NYLIAC, Plaintiffs will be directed to reimburse NYLIAC for any costs and fees incurred in defending this action in federal court. *See, e.g., AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("[w]hen a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him"). The Court retains jurisdiction to hear such a motion. *See Cactus Petroleum Corp. v. Continental Resources, Inc.*, 2013 WL 5656107 (W.D. Okla. Oct. 16, 2013).

In light of this ruling, NYLIAC's Motion for Judgment on the Pleadings [Doc. No. 16] is DENIED as moot.

IT IS SO ORDERED this 10th day of April 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE